<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOSE ADAN BETETA BETETA,<br><br>              Petitioner,<br><br>       v.<br><br>TODD BLANCHE, *et al.*,<br><br>              Respondents. | Case No. 2:26-cv-04132 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Jose Adan Beteta Beteta's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 arguing his detention violates his constitutional rights. (ECF No. 1.) Respondents filed a letter answer (ECF No. 9), and Petitioner replied (ECF No. 10). Having reviewed and considered the parties' submissions filed in connection with the Petition, and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b), for the reasons set forth below and for good cause having been shown, the Petition is **DENIED**.

### I.      BACKGROUND

Petitioner, a citizen of Mexico, unlawfully entered the United States on July 23, 2013. (ECF No. 9 at 1.) On that date, Petitioner was arrested by immigration officials. (*Id.*) On July 24, 2013, Petitioner was issued a Notice and Order of Expedited Removal and was removed from the United States to Mexico. (*Id.*)

At an unknown date, Petitioner returned to the United States. (*Id.*) On April 6, 2026, Immigration Customs and Enforcement ("ICE") officials arrested Petitioner pursuant to an I-205

Warrant of Removal. (*Id.* at 1–2.) On the same date, ICE determined "Petitioner is subject to removal under 8 U.S.C. § 1231(a)(5) and 8 C.F.R. § 241.8 after an ICE Supervisor Detention and Deportation Officer identified Petitioner as a noncitizen subject to a final order of removal, who illegally reentered the United States following his removal pursuant to that final order." (*Id.* at 2.) ICE provided Petitioner with written notice of his reinstated final order of removal. (*Id.*)

On March 26, 2026, Petitioner filed the Petition arguing, among other things, the government may not detain him under 8 U.S.C. § 1225(b), and he is entitled to a bond hearing under 8 U.S.C. § 1226(a). (*See generally* ECF No. 1.) Respondents filed a response. (ECF No. 9.) Petitioner replied. (ECF No. 10.)

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on Petitioner to show he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.   DECISION

In the Petition, Petitioner argues he is unlawfully detained under 8 U.S.C. § 1225. (*See* ECF No. 1 at 15–53.) The Court disagrees.

The record establishes Petitioner is subject to a final order of removal. Petitioner does not dispute, as he does not acknowledge, that (1) on July 24, 2013, Petitioner was issued a Notice and Order of Expedited Removal; (2) on the same day, he was removed from the United States; and (3) he unlawfully reentered the United States at some point.

Based on the above, ICE reinstated Petitioner's final order of removal on April 6, 2026. Under 8 U.S.C. § 1231(a)(5), when a noncitizen reenters the United States after having been removed under a prior order, "the prior order of removal is reinstated from its original date" and the noncitizen "shall be removed under the prior order." The Supreme Court has made clear detention in this posture is governed by § 1231. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 529–30 (2021) (explaining once a removal order is reinstated, the noncitizen is in a post-final-order posture and detention is governed by § 1231's removal-period framework). Accordingly, Petitioner's detention arises under § 1231(a).

Any argument that Petitioner's detention is unlawful because his removal order was not reinstated until after his arrest is unavailing. Reinstatement is an administrative process that confirms the existence of a prior removal order and unlawful reentry. *See Ponta-Garcia v. Att'y Gen.*, 557 F.3d 158 (3d Cir. 2009) (holding reinstatement requires only a determination of prior removal, identity, and unlawful reentry, and does not require a hearing before an immigration judge). Once those conditions are satisfied, § 1231 governs.

Section 1231 states in relevant part, "when a[] [noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas*, 533 U.S. at 683 ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal

3

order and during the 90-day removal period, however, [noncitizens] must be held in custody."
(citation omitted)). Petitioner was taken into custody on April 6, 2026. As a result, Petitioner's
detention is still within the 90-day mandatory detention period, rendering any challenge to his
§ 1231 detention premature.

Petitioner argues the Government failed to factually distinguish this case from this Court's
statutory interpretation in *Sandhu v. Tsoukaris*, Civ. A. No. 25-14607, 2025 WL 3240810 (D.N.J.
Nov. 20, 2025), as ordered by the Court. (ECF No. 10 at 6–7.) The Court disagrees. In *Sandhu*,
Respondents were detaining the petitioner under 8 U.S.C. § 1225(b)(2), and the Court found he
could only be detained under 8 U.S.C. § 1226(a). *Sandhu*, 2025 WL 3240810, at *6. Here,
Respondents clearly have distinguished this case from the facts of *Sandhu*, as here, Petitioner is
subject to mandatory detention under § 1231(a) based on his reinstated final order of removal.

Petitioner also argues because he has been continuously in the country since August 2013,
he should be treated as detained under § 1226(a). (ECF No. 10 at 7–8.) The Court again disagrees.
Petitioner's argument ignores the fact Petitioner had been removed from the country in July 2013
and is now subject to a reinstated final order of removal.

Any assertion that Petitioner was arrested without adequate process does not alter this
conclusion. The Third Circuit has upheld the constitutionality of the reinstatement procedure,
recognizing individuals subject to reinstatement have already received the process associated with
their underlying removal proceedings. *See Ponta-Garcia*, 557 F.3d at 162 (holding reinstatement
procedures comport with due process because the noncitizen was previously afforded full removal
proceedings).

Finally, this Court lacks jurisdiction to consider any other claim Petitioner makes that his
detention is impermissible because of inadequacies with his 2013 final order of removal and his

current reinstated final order of removal. This Court cannot participate in, or facilitate, a review of the merits of a removal order. Instead, "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions," related to a removal order is exclusively available with the Court of Appeals after a final removal order has been issued. *See* 8 U.S.C. §§ 1252(a)(5), (b)(9) (observing that no court shall have jurisdiction to review a final order of removal by any habeas corpus provision). "[W]hen [noncitizens] can get review later— by litigating before an immigration judge, the Board of Immigration Appeals, and then by way of a [petition for review] to a court of appeals—they must do so." *Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026).

"A now-or-never claim must raise legal or factual *questions* that a court of appeals will not later be able to review meaningfully on a [petition for review]. It is not enough to assert an injury that cannot be remedied later." *Id.* at 274–75. Petitioner's claims of wrongful detention depend on whether he may be removed from the United States, which is a question that can be answered in a petition for review.

> [O]ur legal system routinely forces petitioners—even those with meritorious claims—to wait to raise their arguments. Consider an innocent defendant who was convicted of a serious crime and imprisoned because his trial lawyer was ineffective. His detention is wrongful: He did not actually commit the crime. But that does not entitle him to seek immediate release through habeas; first, he must exhaust his direct appeal.

*Id.* at 275. On the facts before this Court, Petitioner's wrongful detention claims are "not 'wholly collateral' to the removal process; they are 'inextricably linked' to it." *Id.* at 274. Therefore, this Court lacks jurisdiction over the Petition pursuant to §§ 1252(a)(5), (b)(9).

**IV.    CONCLUSION**

For the reasons discussed above, Petitioner's § 2241 Petition (ECF No. 1) is **DENIED**. An

appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: April 29, 2026